152 P.3d 629

**Rodney L. PLANT, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 32094.

Court of Appeals of Idaho.

Oct. 17, 2006.

Review Denied March 2, 2007.

Molly J. Huskey, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Rodney L. Plant appeals from the district court's order denying Plant's request for appointment of counsel and summarily dismissing his petition for post-conviction relief. We vacate the order and remand for further proceedings.

## I.

## BACKGROUND

In 1995, Plant pleaded guilty to a charge of trafficking in more than fifty but less than 100 marijuana plants. Idaho Code § 37–2732B(a)(1)(B), (D). The plea agreement provided that the State would recommend the mandatory minimum sentence of three years, but further stated that if Plant did not appear at sentencing, the State would no longer be bound by this recommendation. Plant failed to appear at the sentencing hearing and was a fugitive for over six years. After he was apprehended in 2002, the district court imposed a unified fifteen-year sentence with ten years determinate.

Plant appealed his sentence and conviction, which were affirmed by this Court in *State v. Plant*, 140 Idaho 347, 92 P.3d 1094 (Ct.App. 2003) (unpublished). He then filed a petition for post-conviction relief. Insofar as perti-

nent to this appeal, the petition alleged that his defense counsel had been ineffective because counsel "talked me into pleading guilty without thoroughly investigating my case." [1] Plant also filed a motion for appointment of an attorney to assist him in the post-conviction action. The district court issued a notice of intent to dismiss, concluding that Plant had not demonstrated a valid basis on any of his claims. With respect to the ineffective assistance claim, the notice stated:

> Petitioner has not pointed to any defense to the charge against him that his lawyer would have discovered through a more thorough investigation. Instead, it appears that the evidence against Petitioner was overwhelming, considering the large number of growing marijuana plants that were seized of over 250 plants. Therefore, Petitioner has not shown how [counsel's] performance was deficient or how he was prejudiced by the alleged deficiency.

In the notice of intent to dismiss, the court reserved ruling on Plant's motion for appointment of counsel, and gave Plant thirty days in which to respond. Plant responded to the notice, but the court ultimately issued an order in which it both declined to appoint counsel and dismissed the action.

Plant now appeals, asserting that the district court erred by not giving him adequate notice of the reasons why counsel would be refused, by not appointing counsel, and by not providing adequate notice of the reason for its intent to dismiss the claim regarding trial counsel's allegedly deficient performance.

## II.

## ANALYSIS

Because we consider it dispositive, we address only Plant's contention that, on the allegations he presented to the district court, counsel should have been appointed.

 If a post-conviction petitioner is unable to pay for the expenses of representa-

---

1. Plant's petition included several other claims that he now concedes are without merit. The only claim he pursues on appeal is the claim that trial counsel did not properly investigate the case before advising him to plead guilty.

tion, the trial court may appoint counsel to represent the petitioner. I.C. § 19–4904. The decision to grant or deny a request for court-appointed counsel is discretionary. *Charboneau v. State,* 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Fox v. State,* 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct.App. 1997). Nevertheless, counsel should be appointed if the petitioner qualifies financially and "alleges facts to raise the possibility of a valid claim." *Charboneau,* 140 Idaho at 793, 102 P.3d at 1112.

▮ In assessing a request for post-conviction counsel, the district court must afford some leniency to pro se petitioners whose petitions may be inartful and incomplete. As *Charboneau* instructs:

[T]he trial court should keep in mind that petitions and affidavits filed by a *pro se* petitioner will often be conclusory and incomplete. Although facts sufficient to state a claim may not be alleged because they do not exist, they also may not be alleged because the *pro se* petitioner simply does not know what are the essential elements of the claim.

*Id.* at 793, 102 P.3d at 1111. Therefore, when a motion for the appointment of counsel is presented, every inference is to be drawn in the petitioner's favor where the petitioner is unrepresented at that time and cannot be expected to know how to properly allege the necessary facts. "At a minimum, the trial court must carefully consider the request for counsel, before reaching a decision on the substantive merits of the petition...." *Id.* at 794, 102 P.3d at 1113.

▮ If the trial court concludes that a petition does not demonstrate the possibility of a valid claim that would warrant appointment of counsel, the court must give the petitioner notice of the deficiencies in the petition.

It is essential that the petitioner be given adequate notice of the claimed defects so he has an opportunity to respond and to give the trial court an adequate basis for deciding the need for counsel based upon the merits of the claims. If the court decides that the claims in the petition are frivolous, the court should provide sufficient information regarding the basis for its ruling to enable the petitioner to supplement the request with the necessary additional facts, if they exist. Although the petitioner is not entitled to have counsel appointed in order to search the record for possible nonfrivolous claims, he should be provided with a meaningful opportunity to supplement the record and to renew his request for court-appointed counsel prior to the dismissal of his petition where ... he has alleged facts supporting some elements of a valid claim.

*Id.* at 793, 102 P.3d at 1112 (quoting *Brown v. State,* 135 Idaho 676, 679, 23 P.3d 138, 141 (2001)).

▮ It is thus apparent that the standard that a post-conviction petition must meet in order to call for appointment of counsel is considerably lower than the standard to avoid summary dismissal. With all inferences running in the petitioner's favor, the allegations and supporting evidence need only suggest the *possibility* of a valid claim that could be perfected with the assistance of an attorney. If this standard is met, the district court should appoint counsel in order to give the applicant an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau,* 140 Idaho at 793, 102 P.3d at 1112. If, on the other hand, the claims are so patently frivolous that there appears no possibility that they could be developed into a viable claim even with the assistance of counsel, the court may deny the motion for counsel and proceed with the usual procedure for dismissing meritless post-conviction petitions. *Newman v. State,* 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct.App. 2004).

Plant contends that the allegations in his petition that counsel failed to adequately investigate the case before advising Plant to plead guilty were sufficient to show the possibility of a valid claim for ineffective assistance of trial counsel. To establish a claim for ineffective assistance of counsel, two elements must be shown—deficient performance by the attorney and prejudice to the defendant from the deficiency. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Ara-*

*gon v. State,* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the defendant was convicted upon a guilty plea, to satisfy the prejudice element, the claimant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 210 (1985).

In Plant's petition, he alleged that his attorney "talked [him] into pleading guilty without thoroughly investigating [his] case." The failure of an attorney to properly investigate a case may constitute a deficiency in representation. *Mitchell v. State,* 132 Idaho 274, 971 P.2d 727 (1998). Nevertheless, we agree with the district court's initial determination that this allegation in Plant's petition was insufficient to require appointment of counsel. Plant's complaint that his lawyer did not thoroughly investigate his case is simply too vague to suggest even the possibility of a meritorious claim. In particular, it does not identify any type of investigation that should have been done nor suggest the existence of any information or evidence helpful to the defense that a more thorough investigation might have uncovered.

After receiving the notice of the court's intent to dismiss the petition, however, Plant responded with a letter to the court in which he fleshed out this claim to some degree. Among other things, the lengthy letter stated:

> [N]ow that I have studied, Idaho law on search and sezuer [sic], I am sure my 4th Amendment right to knock and announce was violated. . . .
>
> I believe if [defense counsel] would have not been deficient in representing me, I would not have plead [sic] guilty to begin with and my case would have been thrown out of court on the grounds of illeagle [sic] search & sezure [sic], wich [sic] I believe is a constitutional right and that "NO" the [D.E.A.] cannot "do whatever they want" and that if I had an attorney we could proof [sic] that in the case of knock and announce. We could show a violation of the 4th Amendment. Wich [sic] if I could prove would most defenetly [sic] show prejudice.

These additional allegations in Plant's letter to the district court were sufficient to raise at least the *possibility* of a valid claim that defense counsel overlooked grounds for suppression of the evidence upon which Plant was prosecuted. Admittedly, these allegations do not state particular facts upon which Plant premises his contention that there was a violation of the Fourth Amendment knock and announce rule or Idaho's knock and announce statute, I.C. § 19–4409, but it is possible that with the assistance of counsel, such facts could be presented.[2]

Plant's allegations of a knock and announce violation are somewhat comparable to the allegations of a possible *Miranda*[3] violation presented by the petitioner in *Brown.* There, the petitioner alleged that he was interrogated at the sheriff's department by police officers who did not give him *Miranda* warnings and ignored his request to call his attorney. The Idaho Supreme Court held that although these allegations were insuffi-

---

2. The United States Supreme Court has held that the Fourth Amendment generally requires that prior to executing a search warrant the police must knock on the door, announce their identity and authority, and wait a reasonable time for the occupants to respond before entering forcibly. *See United States v. Banks,* 540 U.S. 31, 36, 124 S.Ct. 521, 525, 157 L.Ed.2d 343, 352 (2003); *see also Richards v. Wisconsin,* 520 U.S. 385, 387, 117 S.Ct. 1416, 1417, 137 L.Ed.2d 615, 620 (1997); *Wilson v. Arkansas,* 514 U.S. 927, 934, 115 S.Ct. 1914, 1918, 131 L.Ed.2d 976, 982 (1995). A similar requirement is imposed in this state by a "knock and announce" statute, I.C. § 19–4409, and perhaps by Article I, § 17 of the Idaho Constitution. Very recently, the United States Supreme Court held that a violation of the

Fourth Amendment knock and announce standard does not require suppression of evidence found following such an illegal entry. *Hudson v. Michigan,* —— U.S. ——, 126 S.Ct. 2159, 165 L.Ed.2d 56 (2006). Nevertheless, evidence acquired following a violation of I.C. § 19–4409, and possibly a violation of any knock and announce requirement implicit in the Idaho Constitution, would require suppression. *See State v. Ramos,* 142 Idaho 628, 634, 130 P.3d 1166, 1172 (Ct.App.2005); *State v. Rauch,* 99 Idaho 586, 593–94, 586 P.2d 671, 678–79 (1978).

3. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

cient to fully demonstrate a *Miranda* violation in that they did not show that the petitioner was in custody at the time of the interrogation, did not show that he made any incriminating statements, and did not show that any such statements affected his decision to plead guilty, the allegations at least raised "suspicion" of a possible *Miranda* violation and therefore warranted appointment of counsel to represent the petitioner. *Brown,* 135 Idaho at 679–80, 23 P.3d at 141–42.

In the present case, it is possible that the district court was aware of information in the criminal case file that would establish that Plant's claim of ineffective assistance of counsel for failure to pursue a suppression motion was frivolous, but the district court gave Plant no notice of any such reasons for deeming this claim insufficient to call for appointment of counsel. On the record before us, Plant's elaboration upon this claim in his letter to the court was sufficient to raise the possibility of a valid claim. It therefore requires either appointment of counsel or, at a minimum, further notice from the district court as to why this claim is deemed frivolous, with an opportunity for Plant to again respond with additional facts. It follows that the district court's order denying counsel and summarily dismissing Plant's petition must be vacated and the case remanded for further proceedings. Because of this disposition, we need not address other issues raised by Plant on this appeal.

The order denying Plant's motion for appointed counsel and summarily dismissing his petition for post-conviction relief is vacated, and this case is remanded for further proceedings consistent with this opinion. Costs on appeal, but not attorney fees, are awarded to Plant pursuant to Idaho Appellate Rule 40.

Chief Judge PERRY and Judge GUTIERREZ concur.

