IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 38892 & 38893

| MARIANO PEREZ, JR., | ) | 2013 Unpublished Opinion No. 398 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: March 13, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Juneal C. Kerrick, District Judge.

Order summarily dismissing petition for post-conviction relief, affirmed.

Stephen D. Thompson, Ketchum, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Mariano Perez, Jr. appeals from the district court's order summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In 2005, Perez threatened an ex-girlfriend and three other individuals with a firearm. A few days later, an officer on patrol attempted to pull Perez over for a traffic infraction. Perez fled and the officer pursued him. Perez shot and injured the officer during the pursuit. The state charged Perez with three counts of aggravated assault, one count of felony injury to child, and one count of unlawful possession of a firearm. The state filed a separate case with respect to the fleeing incident, wherein the state charged Perez with aggravated battery on a law enforcement officer, felony eluding an officer, and unlawful possession of a firearm. The state alleged a persistent violator enhancement in both cases. Both cases were consolidated for plea and sentencing, where Perez pled guilty to one count of aggravated assault, one count of aggravated

1

battery on a police officer, and being a persistent violator. In exchange for his guilty pleas, the remaining charges were dismissed. At the plea hearing, the district court determined Perez's pleas were entered freely, voluntary, and knowingly. The district court sentenced Perez to concurrent fixed life sentences. The judgment and sentences were affirmed by this Court on appeal. *State v. Perez*, 145 Idaho 383, 179 P.3d 346 (Ct. App. 2008).

Perez subsequently filed a petition for post-conviction relief, claiming ineffective assistance of counsel. Specifically, Perez alleged his attorney used coercive conditions of pretrial detention to force him to enter a guilty plea. The state moved to dismiss the petition and the district court granted the motion. Perez appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering

summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

## III.

## ANALYSIS

Perez argues that his affidavit filed in support of his petition for post-conviction relief created a genuine issue of material fact that required an evidentiary hearing on the issue of whether his counsel provided ineffective assistance. The state argues that Perez's testimony from his plea hearing belies this claim and that the affidavit filed by Perez in support of his petition should be disregarded.

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of

material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30. To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006).

In this case, Perez alleges he was subject to inhumane conditions while awaiting trial. Specifically, he alleges he was locked down in his cell for nearly twenty-four hours per day, the fluorescent light in his cell was on during this entire period, and he was only allowed out of his cell for five hours per week. Perez also alleges prison officials forced him to choose between going outside for recreation and being able to bathe. Perez alerted his attorney to these conditions before entry of his guilty plea, after which the jail moved Perez to what appears to have been general population. Perez's attorney thereafter approached him with a plea deal from the prosecutor. Perez alleges at this point, his attorney threatened him, stating if Perez did not take the deal, he would be transferred back to his original, high-security living conditions. Based on these allegations, Perez argues the attorney provided ineffective assistance of counsel. However, the district court's plea colloquy with Perez disproves his claim. On this point, the district court appropriately summarized the colloquy as follows:

4

Perez, in open court, stated that he was satisfied with his attorney's performance and that he was not pressured, coerced, or threatened in any way to accept the plea negotiation, which involved the dismissal of numerous felonies and potential sentencing enhancements. In fact, Perez told the court that he was pleading guilty because the charges were true; that no one was forcing him to plead guilty; that he [had] adequate time to talk to his attorney about the charges; that his attorney had done all the things that he would have expected her to do in representing him; he stated that there were not things that [his attorney] had failed to do that he had wanted her to do.

Sworn statements made in open court carry with them a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Thus, Perez's allegations are disproven by the record of the criminal proceedings. Accordingly, Perez fails under both prongs of *Strickland* because his allegations are disproved by the criminal record of proceedings and he has not demonstrated that he was prejudiced by the alleged deficiency of his trial attorney. Thus, the district court did not err in concluding that, as a matter of law, Perez is not entitled to relief.

## IV.

## CONCLUSION

Perez failed to demonstrate his trial attorney's representation fell below an objective standard of reasonableness or that he suffered prejudice from any alleged deficiency. Therefore, the district court's order denying Perez's petition for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**