**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43489**

| | | |
|---|---|---|
| **MICHAEL DALE ROBERTS,** | ) | **2017 Unpublished Opinion No. 305** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed:  January 5, 2017** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Cheri C. Copsey, District Judge.

Judgment denying petition for post-conviction relief after an evidentiary hearing, affirmed.

Michael D. Roberts, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Michael Dale Roberts appeals from the district court's judgment denying Roberts' petition for post-conviction relief after an evidentiary hearing.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Roberts with possession of a controlled substance and possession of drug paraphernalia.  Roberts entered into a plea agreement with the State.  In the agreement, Roberts agreed to plead guilty to the possession of a controlled substance charge and enter drug court, and the State agreed to dismiss the possession of drug paraphernalia charge.

Prior to the entry of his plea, Roberts had not received lab reports confirming that the substance he possessed was a controlled substance.  To expedite Roberts' entry into drug court, the district court in the underlying case allowed him to enter a conditional plea.  Under the

1

conditional plea, the court would permit Roberts to withdraw his plea, and the State would dismiss the possession of a controlled substance charge if the lab reports showed the substance Roberts possessed was not a controlled substance.

Before Roberts entered his plea, he completed a guilty plea advisory form and was questioned by the district court concerning the plea. The court accepted Roberts' guilty plea. The lab reports eventually confirmed that the substance Roberts possessed was a controlled substance.

The district court ultimately discharged Roberts from drug court for committing seventeen violations. Roberts filed a motion to withdraw his guilty plea, arguing that he thought he pled guilty to the possession of drug paraphernalia charge, not the possession of a controlled substance charge, and the lab never tested the paraphernalia. The district court denied Roberts' motion and this Court affirmed the district court's decision. *State v. Roberts*, Docket No. 40557 (Ct. App. May 22, 2014) (unpublished).

Roberts filed a petition for post-conviction relief, alleging his trial counsel was ineffective for various reasons, and the State withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The district court in the post-conviction proceeding held an evidentiary hearing on Roberts' petition where it questioned Roberts and his trial counsel. After the hearing, the court denied the petition. Roberts timely appeals.

## II.

## ANALYSIS

Roberts asserts the district court erred in denying his petition for post-conviction relief. A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of

2

the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

Specifically, Roberts asserts his trial counsel was ineffective and the State withheld evidence in violation of *Brady*.[1]

## A.    Ineffective Assistance of Counsel

Roberts claims his trial counsel was ineffective in various ways. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

Roberts first asserts his trial counsel gave Roberts deficient advice regarding his guilty plea. Because of this alleged deficient advice, Roberts asserts his plea was not knowing, intelligent, and voluntary. According to Roberts, he thought he pled guilty to the possession of

---

[1] Roberts makes various other allegations for the first time in his appellate brief. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Accordingly, we refuse to consider any allegations Roberts failed to raise in the court below.

drug paraphernalia charge, not the possession of a controlled substance charge.  Roberts asserts his confusion about his guilty plea is evident from his answers on the guilty plea advisory form.

The district court held that Roberts had not shown his trial counsel gave him deficient advice regarding the guilty plea.  The district court also held Roberts had failed to show prejudice resulting from his trial counsel's advice regarding the plea.  We agree with the district court.  The record contradicts Roberts' claim that he received deficient advice from trial counsel regarding the plea.  While some of Roberts' answers on the guilty plea advisory form indicated he had some confusion about his plea,[2] his answers generally indicated that he understood his plea and that he was pleading guilty to the controlled substance charge.  Thus, Roberts has not shown his trial counsel gave him deficient advice regarding the plea.  Moreover, regardless of the correctness of trial counsel's advice, the district court cleared up any confusion Roberts had about his guilty plea before accepting the plea.  The following exchange took place immediately before the court accepted Roberts' plea:

| | |
|---|---|
| Court: | Just a few more questions and this has to do with the--with the crime.  Were you in Ada County, Idaho, or about August 8th, 2011? |
| Roberts: | Yes, Your Honor. |
| Court: | Did you on that day unlawfully possess a controlled substance, Oxycodone? |
| Roberts: | Yes, Your Honor. |
| Court: | Did you know that you possessed the Oxycodone? |
| Roberts: | Yes, Your Honor. |
| Court: | And did you know that that's what you possessed? |
| Roberts: | Yes, Your Honor. |
| Court: | Anything about that allegation you disagree with? |
| Roberts: | No, Your Honor. |
| Court: | How do you plead to the possession of a controlled substance? |
| Roberts: | Guilty, Your Honor. |

Because the court ensured Roberts understood his guilty plea and that he was pleading guilty to the possession of a controlled substance charge prior to accepting his plea, Roberts has failed to show any prejudice resulting from his trial counsel's advice regarding the plea.

---

[2]     Roberts answered "No" to the question, "Is your guilty plea the result of a plea agreement?"  However, Roberts' guilty plea was the result of a plea agreement.  Roberts also answered "Yes" to the question, "Have you had any trouble answering any of the questions in this form which you could not resolve by discussing the issue with your attorney?"  In addition, Roberts had changed some of his answers on the form from one answer to another.

Roberts next asserts his trial counsel was deficient because he failed to get the paraphernalia tested. Because the State dismissed the possession of paraphernalia charge in exchange for Roberts' guilty plea, Roberts cannot show his trial counsel was ineffective for failing to get the paraphernalia tested or that his trial counsel's failure to get the paraphernalia tested prejudiced Roberts.[3]

Roberts also asserts his trial counsel was ineffective because he failed to obtain an audio recording of Roberts' arrest. Because there is no evidence such a recording existed, Roberts cannot show his trial counsel was deficient for failing to obtain such a recording or that his trial counsel's failure to obtain such a recording prejudiced Roberts.

Finally, Roberts asserts his trial counsel was deficient because he failed to support Roberts' motion to withdraw his guilty plea with "the only affidavit containing the lab results," the "full recitation of the police reports," and other documents. Roberts does not explain how his trial counsel was ineffective for failing to support the motion with these documents or how his trial counsel's failure to support the motion with these documents prejudiced Roberts. Accordingly, Roberts has not met his burden to show deficient performance and prejudice on this claim.

## B. *Brady* Violation

Roberts asserts the State withheld evidence in violation of *Brady*. Roberts suggests the State failed to get a lab test of the paraphernalia and such a test would have produced exculpatory evidence. A petition for post-conviction relief may assert a *Brady* violation. *See* I.C. § 19-4901(a)(1). "There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82

---

[3] Even if the State had not dismissed the possession of drug paraphernalia charge, Roberts' trial counsel would not have rendered ineffective assistance of counsel by failing to get the paraphernalia tested. The existence of residue from a controlled substance on paraphernalia is not an element of possession of drug paraphernalia. *See* I.C. § 37-2734A.

(1999). Roberts' claim fails on all three components because the State dismissed the possession of drug paraphernalia charge.[4]

### III.

### CONCLUSION

Roberts' trial counsel was not ineffective, and the State did not withhold evidence in violation of *Brady*. The district court's judgment denying Roberts' petition for post-conviction relief after an evidentiary hearing is affirmed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.

---

[4] Even if the State had not dismissed the possession of drug paraphernalia charge, the State's failure to test the paraphernalia would not have helped Roberts' *Brady* claim because the existence of residue from a controlled substance on paraphernalia is not an element of possession of drug paraphernalia. *See* I.C. § 37-2734A.