# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45037

| | | |
|---|---|---|
| WILLIAM JACK BIAS, | ) | |
| | ) | |
| Petitioner-Respondent, | ) | Filed:  August 27, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Madison County.  Hon. Gregory W. Moeller, District Judge.

Judgment granting, in part, petition for post-conviction relief, <u>affirmed</u>.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant.  Kenneth K. Jorgensen argued.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for respondent.  Reed P. Anderson argued.

---

GRATTON, Chief Judge

The State appeals from the district court's judgment granting, in part, William Jack Bias's petition for post-conviction relief.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Bias pled guilty to felony driving under the influence, Idaho Code §§ 18-8004; 18-8005(5).  The district court imposed a ten-year sentence with five years determinate.  After sentencing, Bias filed a petition for post-conviction relief challenging his conviction and sentence.  Bias asserted several ineffective assistance of counsel claims, one of which alleged that Bias's trial counsel was ineffective for failing to file a motion to suppress "challeng[ing] proto call [sic] of stop, and jurisdiction of law enforcement."  The district court appointed post-conviction counsel after finding that Bias's petition gave rise to the possibility of a valid claim

1

on at least a few of his ineffective assistance of counsel claims. Bias's post-conviction counsel did not file an amended petition or supplement the original petition. The State filed an answer denying all of the claims in Bias's petition.

The district court subsequently conducted evidentiary hearings primarily focused on issues related to Bias's ineffective assistance of counsel claims. At the second evidentiary hearing, the parties agreed to limit the scope of the hearing to the issue of whether there were meritorious grounds for a motion to suppress based on Bias's belief that the officer was acting outside of his jurisdictional boundaries when he stopped and arrested Bias. The State called the officer who stopped Bias to testify as to where the traffic stop had occurred and then introduced dashcam video to confirm the location of the stop. This was the first time that either Bias, post-conviction counsel, or trial counsel had seen the video.[1] Based on the video, Bias's post-conviction counsel conceded there was no jurisdictional issue, but asserted Bias's trial counsel was ineffective for failing to challenge the reasonable suspicion for the stop. The State objected to the court's consideration of the reasonable suspicion claim arguing the court was allowing Bias to delve into new areas outside of the limited scope of the hearing. Over the State's objection, the court held a third evidentiary hearing to address the reasonable suspicion claim. Following the hearing, the district court granted Bias's petition for post-conviction relief insofar as he had asserted trial counsel was ineffective for failing to file a motion to suppress challenging the reasonable suspicion for the stop. The State timely appeals.

## II.

## ANALYSIS

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision granting post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are

---

[1] Although the district court noted it was not an intentional act on behalf of the prosecutor, the court expressed its serious concern about the prosecution's apparent violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The court concluded that the Idaho Criminal Rules required automatic disclosure of the dashcam video despite trial counsel's failure to make the discovery request. However, the district court also concluded that Bias did not properly plead or raise a claim based on a *Brady* violation in his petition.

2

clearly erroneous. Idaho Rule of Civil Procedure 52(a); *Cook v. State*, 157 Idaho 775, 777, 339 P.3d 1179, 1181 (Ct. App. 2014). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

## A.     Notice and Implied Consent

The State asserts the district court erred by considering Bias's claim that his trial counsel was ineffective for not challenging the reasonable suspicion for the stop. The State argues the court erroneously held that Bias had pled the theory that his trial counsel was ineffective for not challenging the reasonable suspicion for the stop. According to the State, a review of Bias's petition reveals that he did not plead the theory or otherwise provide notice that he was challenging his conviction on that basis. The State also argues that the district court's finding that "[c]ounsel for the State objected" to consideration of the claim that counsel was ineffective for not challenging the reasonable suspicion of the stop forecloses any claim that the issue was litigated with the express or implied consent of the State.

To the contrary, Bias asserts the State has failed to show that the district court erred when it considered the claim that his trial counsel was ineffective for not challenging the reasonable suspicion for the stop. Bias argues the State's lack of notice argument is disingenuous because the State was provided ample notice of the claim. According to Bias, the district court's willingness to grant the State's request to file a brief addressing the claim and to thereafter conduct an evidentiary hearing specifically addressing the claim demonstrates that the State had ample notice. Bias argues his post-conviction counsel effectively amended the pleading to conform to the evidence after the State introduced the dashcam video at the second evidentiary hearing, and he also argues the issue of whether his trial counsel was ineffective for failing to file a motion to suppress challenging the reasonable suspicion for the traffic stop was tried with the implied consent of the State.

The issue of reasonable suspicion for the traffic stop was not specifically raised in the petition for post-conviction relief, but the legality of the stop was generally raised. Bias did, however, expressly raise the claim orally at the end of the second evidentiary hearing. The State

objected to the court considering the reasonable suspicion claim. Although the district court noted the State's objection, it nevertheless determined to consider the claim and overruled the objection by allowing the claim to go forward. The court also provided the State the opportunity to further object on procedural grounds and on the merits by granting the prosecutor's request for forty-five days to brief the claim and by conducting a third evidentiary hearing on the claim. The State did not object to the procedure which was employed to include and consider the claim, including that the district court did not require a written amendment of the pleadings. While the State was not provided specific notice of the reasonable suspicion claim in the original petition, it was provided ample notice of the existence of and basis for the claim at the end of the second evidentiary hearing. The fact that the district court allowed the claim to go forward without formal amendment of the pleadings is inconsequential. The State has not claimed that it was prejudiced by the procedure employed by the district court or in its ability to address the claim on the merits.

In addition, or alternatively, the record reveals the issue of whether Bias's trial counsel was ineffective for failing to challenge the reasonable suspicion for the traffic stop was tried with the implied consent of the State. Under the Idaho Rules of Civil Procedure, the trial court is not limited to deciding the case on the issues as framed by the pleadings. *M. K. Transport, Inc. v. Grover*, 101 Idaho 345, 349, 612 P.2d 1192, 1196 (1980). The district court's authority under I.R.C.P. 15(b) and I.R.C.P. 54(c) to determine a case upon an unpled theory is limited by the provision in I.R.C.P. 15(b)(2) that requires the unpled issues to have been tried by express or implied consent of the parties for the court to consider them. *See id.* When issues not raised by the pleadings are tried by express or implied consent of the parties, a motion to amend pleadings to conform to the evidence under I.R.C.P. 15(b) should be granted. *Lynch v. Cheney*, 98 Idaho 238, 241, 561 P.2d 380, 383 (1977). The requirement that the unpled issues be tried by at least the implied consent of the parties assures that the parties have notice of the issues before the court and an opportunity to address those issues with evidence and argument. *Grover*, 101 Idaho at 349, 612 P.2d at 1196. Under the language of the rule, the formality of an amendment to the pleadings is not necessary if the court concludes that the issues were in fact tried. *Cheney*, 98 Idaho at 241, 561 P.2d at 383.

Although the court allowed the reasonable suspicion claim to go forward over the State's objection, it was careful to provide the State ample time and opportunity to address the claim

with evidence and argument. The court granted the prosecutor's request for forty-five days to file a brief addressing the claim. Despite the State's failure to address the merits or the procedural posture of the claim by briefing the issue, the State did present evidence and argument at the third evidentiary hearing addressing the claim. Specifically, the State called the following individuals to testify: Bias's trial counsel, the officer who stopped Bias, a drug recognition expert from the Rexburg police department, and an officer with specialized training in accident reconstruction from the Rexburg police department. Based on the evidence and the testimony of these witnesses, the State argued there were articulable facts that justified reasonable suspicion for Bias's DUI stop. The State also argued that despite his failure to request or review the dashcam video, trial counsel's performance was reasonable given the contents of the police report and his discussions with Bias. Ultimately, however, the Court ruled in Bias's favor.

Thus, the State clearly had notice of the claim and an opportunity to address it with evidence and argument before the court ruled on the issue. Accordingly, the district court did not err by considering Bias's claim that his trial counsel was ineffective for not challenging the reasonable suspicion for the stop.

**B.     Applying Correct Legal Standard**

The State also asserts that even if the claim is considered on the merits, the district court erred in granting post-conviction relief because it applied an incorrect legal standard to the claim that trial counsel was ineffective for failing to file a motion to suppress challenging the reasonable suspicion for the stop. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she

would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

To show that trial counsel's representation fell below an objective standard of reasonableness where the claim of ineffective assistance of counsel centers on trial counsel's failure to file a motion to suppress, the Court's inquiry is two-fold. First, the Court must determine whether or not the motion should have been granted. *Wurdemann v. State*, 161 Idaho 713, 718, 390 P.3d 439, 444 (2017). Once it has been determined that the motion should have been granted had it been filed, the petitioner is still required to overcome the presumption that the decision not to file the motion was within the wide range of permissible discretion and trial strategy. *Id.*

The State argues the district court failed to apply the second step of this two-step analysis and thus did not determine whether Bias had overcome the presumption that the decision not to file the motion was within the wide range of permissible discretion and trial strategy. According to the State, the court erroneously concluded that finding the motion to suppress would be granted was alone sufficient to conclude trial counsel's performance was deficient. The State argues application of the correct legal standard leads to the opposite result reached by the district court because trial counsel's decision to not pursue a motion to suppress after he had reviewed the police report, read the probable cause statement, and talked with his client was reasonable and thus within the wide range of permissible discretion and trial strategy.

Bias argues the district court applied the correct legal standard by conducting both steps of the two-step analysis. According to Bias, he overcame the presumption that trial counsel's representation was within the range of permissible discretion and trial strategy. We agree.

The district court applied the correct legal standard when it determined Bias's trial counsel's performance was deficient. With respect to the first step of the *Wurdemann* analysis, the district court found that the video provided an even less convincing basis than the probable cause statement for finding reasonable suspicion. The court found that the video showed Bias was driving at the same approximate speed as the vehicle in front of him; lightly tapped his

brakes; briefly touched but did not cross the white fog line; and did not significantly weave, drift, or change speeds. The court concluded none of the factors taken individually or together would constitute a violation of Idaho law or give rise to reasonable suspicion of DUI, and thus a motion to suppress challenging the reasonable suspicion for the stop would have been granted.[2]

Furthermore, with respect to the second step of the analysis, after considering the totality of defense counsel's actions, the court addressed whether Bias had overcome the presumption that the decision not to file the motion was within the wide range of permissible discretion at the third evidentiary hearing and in its findings of fact and conclusions of law. At the third evidentiary hearing, Bias's trial counsel testified that the defense strategy was to focus on Bias's sentencing. Specifically, the goal of the defense was for Bias to be sentenced to felony probation and drug court in lieu of a term of imprisonment. Trial counsel testified that in order to accomplish this, he planned to put as much time between Bias's arrest and sentencing as possible and to enroll Bias in whatever programs his misdemeanor probation officer required to show the sentencing court a period of sobriety and treatment before sentencing. Additionally, trial counsel testified that he did not know the dashcam video existed until Bias initiated post-conviction proceedings and thus based his advice to Bias as to whether a suppression motion would have been successful upon his review of the police report. Post-conviction counsel asked trial counsel whether reviewing the dashcam video of the stop could have helped weaken the State's case and achieve Bias's sentencing strategy. Trial counsel agreed that it would have. Similarly, the district court asked trial counsel if it would have behooved him to review a video of the traffic stop before allowing his client to plead guilty because potential constitutional deficiencies with the stop could have been used to leverage "a lower charge [] or considerations in a sentencing recommendation." Again, trial counsel agreed. The court wrote that it was not second-guessing Bias's experienced defense attorney's strategic decisions, and also noted that it was mindful that the defense had access to the police reports but not to the dashcam video prior to trial. Nevertheless, the court concluded the police report raised the same concerns as the video to a

---

[2] The court concluded, "even after considering the officer's training and knowledge of normal driving behavior, the totality of the circumstances did not provide him sufficient reasonable suspicion to stop Bias's vehicle for . . . DUI." In so concluding, "the Court does not lightly disregard the fact that the arresting officer was ultimately correct in his suspicion that Bias was driving under the influence. However, being right does not cure the constitutional deficiencies in an otherwise improper stop."

sufficient degree that defense counsel should have challenged the stop or investigated further. Accordingly, the court addressed both steps of the *Wurdemann* analysis in concluding *Strickland's* first prong was satisfied.

As noted, the State does not challenge the district court's determination that the motion would have been granted. The district court's citation to *State v. Porter*, 130 Idaho 772, 793, 948 P.2d 127, 148 (1997), certainly takes in the first prong of *Wurdemann*. While the district court may not have cited *Wurdemann* or *State v. Mathews*, 133 Idaho 300, 308, 986 P.2d 322, 331 (1999), the court expressed its familiarity with the notion of overcoming the presumption of a reasonable trial strategy. The district court did not need to address at length what trial counsel did and did not do to simply determine that the motion would have been granted. However, the district court, after indicating that it did not want to second-guess trial counsel, went on to look at whether counsel's decisions were based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. The district court outlined counsel's inadequate preparation and objective shortcomings, including: (1) counsel's failure to realize that the police report and probable cause affidavit, even without the video, suggested the basis for suppression; (2) that, while failing to request discovery was not a separate post-conviction claim, because counsel did not identify the basis for suppression, the video was not obtained; (3) that trial counsel, an attorney with a law degree, should not have relied upon Bias to identify the best legal strategy, particularly without the benefit of basic discovery; and (4) a reasonable strategy of focusing on sentencing, let alone the decision to plead guilty, would include available avenues to weaken the State's case and negotiate a lower charge or consideration in sentencing recommendations. Thus, contrary to the State's position, the district court did determine the presumption of permissible discretion and trial strategy was overcome, under the circumstances, by inadequate preparation or other objective shortcomings.

The State does not challenge the district court's conclusion that Bias satisfied the second *Strickland* prong. The court concluded, "[B]ut for counsel's failure to request discovery and challenge the constitutionality of the stop, Bias would not have pled guilty and would have insisted on going to trial." Accordingly, the district court applied the correct legal standard to the claim of ineffective assistance of counsel for not filing a motion to suppress that challenged the reasonable suspicion of the stop.

8

Finally, we address the State's argument that in applying the incorrect legal standard, the district court erred by improperly relying on repeated viewings of the dashcam video and on the Supreme Court's decision in *State v. Neal*, 159 Idaho 439, 362 P.3d 514 (2015), a case decided by the Idaho Supreme Court after the judgment of conviction became final in Bias's underlying criminal case.[3] Bias argues the district court's opinion clearly shows that the court's decision was not wholly dependent on *Neal*. We agree.

The district court did not improperly rely on repeated viewings of the dashcam video. In granting Bias's petition the court stated, "After all these viewings, *and evaluating the evidence*" the court "is unable to conclude that Bias's driving was sufficiently suspicious to justify a stop at that point in time." (Emphasis added.) In addition to the dashcam video, the evidence before the court included Bias's testimony, the testimony of trial counsel and the officer who stopped Bias, police reports, a map depicting where the stop occurred, various jail activity logs, a call summary for Madison County Jail, Rexburg police department arrest reports, and audio of the preliminary hearing.

Moreover, the court did not improperly rely on the Supreme Court's *Neal* decision. The court explicitly stated, "[trial counsel's] performance cannot be found to have been deficient based on a case that was not decided yet . . . . [T]he [c]ourt's decision is not wholly dependent on *Neal*; the [c]ourt based its decision on the totality of the circumstances of which the *Neal* issue was just a part." Ultimately, the court concluded none of the factors taken individually or together would constitute a violation of Idaho law or give rise to reasonable suspicion of DUI. Accordingly, the district court did not improperly rely on repeated viewings of the dashcam video or on the Supreme Court's decision in *Neal*.

## III.

## CONCLUSION

The district court did not err by considering Bias's claim that his trial counsel was ineffective for failing to file a motion to suppress challenging the reasonable suspicion for the stop. Likewise, the district court did not err by applying an incorrect legal standard to the ineffective assistance of counsel claim before granting post-conviction relief. Therefore, we

---

[3] In *State v. Neal*, 159 Idaho 439, 362 P.3d 514 (2015), the Idaho Supreme Court held that without more, the mere touching of lines on roadways is not sufficient to arouse reasonable suspicion of DUI.

affirm the judgment of the district court granting, in part, Bias's petition for post-conviction relief.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.