**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45584**

| | |
|---|---|
| TAYLOR ELLISON SMITH, | ) |
| | ) Filed: November 29, 2018 |
| Petitioner-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Valley County. Hon. Jason D. Scott, District Judge.

Judgment dismissing petition for post-conviction relief, _affirmed_.

Greg Silvey Law, Ltd.; Greg S. Silvey, Boise, for appellant

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Taylor Ellison Smith appeals from the district court's judgment dismissing his petition for post-conviction relief. Smith argues the district court erred by summarily dismissing his petition. The district court's judgment dismissing petition for post-conviction relief is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Smith was charged with one count of aggravated battery, three counts of battery on a police officer, and one count of obstructing or resisting an officer. Smith waived his preliminary hearing and reached a plea agreement with the State. As part of the plea agreement, the State removed the deadly weapon sentencing enhancement from the aggravated battery charge, consolidated the three counts of battery on a police officer into a single count, and dropped the obstructing or resisting an officer charge. Smith pleaded guilty to the remaining charges and the district court followed the State's sentencing recommendation set out in the plea agreement--a

1

unified sentence of fifteen years, with seven years determinate, for the aggravated battery charge and a concurrent five-year determinate sentence for the battery on a police officer charge.

After the district court entered judgment, Smith filed a motion to reduce his sentence under Idaho Criminal Rule 35, which the district court denied and this Court affirmed on appeal. *State v. Smith*, Docket No. 43980 (Ct. App. Sept. 19, 2016) (unpublished). Smith then filed a petition for post-conviction relief, accompanied with an affidavit that argued his trial counsel provided ineffective assistance. The district court issued its notice of intent to dismiss, but appointed counsel after reviewing Smith's response. The State moved for summary dismissal of Smith's petition and provided an affidavit of Smith's trial counsel. The affidavit stated that trial counsel discussed a potential defense (the defense of others) with Smith before and after the preliminary hearing, that the theory was discussed with the State during plea negotiations, and that waiving the preliminary hearing was a condition of the State's plea agreement. The district court summarily dismissed Smith's petition, holding that Smith failed to make a prima facie case of deficient performance of trial counsel. Smith appeals to this Court.

## II.

## STANDARD OF REVIEW

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation,

ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

The United States Supreme Court, addressing the issue of counsel's advice prior to a defendant's decision to plead guilty, has stated:

> [T]he decision to plead guilty before the evidence is in frequently involves the making of difficult judgments. All the pertinent facts normally cannot be known unless witnesses are examined and cross-examined in court. Even then the truth will often be in dispute. In the face of unavoidable uncertainty, the defendant and his counsel must make their best judgment as to the weight of the State's case. Counsel must predict how the facts, as he understands them, would be viewed by a court. If proved, would those facts convince a judge or jury of the defendant's guilt? . . . Questions like these cannot be answered with certitude; yet a decision to plead guilty must necessarily rest upon counsel's answers, uncertain as they may be. Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts.
>
> That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing.

*McMann v. Richardson*, 397 U.S. 759, 769-70 (1970); *see also Dunlap v. State*, 141 Idaho 50, 60-61, 106 P.3d 376, 386-87 (2004).

### III.

### ANALYSIS

Smith argues the district court erred by summarily dismissing his petition for post-conviction relief. Specifically, Smith argues the merits of two of the three claims raised in his petition: (1) that trial counsel rendered deficient performance by failing to discuss a potential defense (the defense of others) with him before the preliminary hearing; and (2) that trial counsel was also deficient in failing to advance the same defense in plea negotiations with the State.

We note that the affidavits presented to the district court arguably contain contradictory claims about whether trial counsel discussed that defense with Smith before the preliminary hearing. However, there is no contradiction to trial counsel's statement that he discussed that theory with Smith after Smith waived his preliminary hearing. We need not reach a conclusion here that, if true, failing to discuss the potential defense with Smith prior to the time scheduled for his preliminary hearing amounted to deficient performance because we conclude Smith was not prejudiced.

3

Smith concedes that after he waived his preliminary hearing, trial counsel discussed the potential defense with him. Following this discussion, Smith accepted the plea agreement. Pursuant to that agreement, Smith entered a guilty plea and waived his right to trial. Had Smith wished, he could have fully explored his potential defense and proceeded to trial, but Smith declined the opportunity and instead accepted the terms of the plea agreement including relinquishing the defense and entering a guilty plea. Thus, there is no reasonable probability that if trial counsel had discussed the defense with Smith prior to the time set for the preliminary hearing, that Smith would have rejected the plea agreement and gone to trial. This is because after discussing the potential defense, Smith nonetheless pleaded guilty. The timing, whether before or after the preliminary hearing, is not relevant.

This conclusion regarding prejudice also applies to Smith's argument that his trial counsel was deficient for failing to discuss the potential defense during plea negotiations. Although trial counsel stated he discussed the theory during plea negotiations, even if trial counsel did not, Smith cannot demonstrate he suffered any prejudice. Smith concedes he learned of and had discussions with his attorney about the theory after he waived his preliminary hearing. Following those discussions, Smith proceeded to waive his right to trial and plead guilty. In other words, Smith declined to assert the theory at trial and instead, accepted the plea agreement.

Therefore, because Smith cannot demonstrate any prejudice, he cannot make a prima facie claim of ineffective assistance of counsel on either of his arguments, and the district court did not err in summarily dismissing Smith's petition for post-conviction relief.

## IV.

## CONCLUSION

Because Smith failed to establish a prima facie claim of ineffective assistance of counsel, the district court did not err in summarily dismissing Smith's petition for post-conviction relief. The district court's judgment dismissing petition for post-conviction relief is affirmed.

Judge GUTIERREZ and Judge LORELLO **CONCUR**.

4