**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45591**

| | | |
|---|---|---|
| EZEQUIEL ADAN CAMPOS, aka EZEQUIEL Z. CAMPOS, | ) ) ) | Filed: February 27, 2019 |
| Petitioner-Appellant, | ) ) | Karel A. Lehrman, Clerk |
| v. | ) ) ) | |
| STATE OF IDAHO, | ) ) | |
| Respondent. | ) ) ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Judgment of the district court summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Elizabeth Ann Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Ezequiel Adan Campos appeals from the district court's judgment dismissing his petition for post-conviction relief. Campos argues that the district court erred in summarily dismissing his post-conviction claims because he presented genuine issues of material fact as to his ineffective assistance of trial counsel claim. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2016, pursuant to a plea agreement, Campos pled guilty to unlawful possession of a weapon, Idaho Code § 18-3316. The district court imposed a unified term of five years with four years determinate to run consecutive with a sentence in an unrelated case (Canyon County case). Campos did not file a direct appeal.

1

In 2017, Campos filed a pro se petition for post-conviction relief raising numerous claims. Thereafter, Campos was appointed post-conviction counsel. Appointed counsel chose not to amend Campos' petition. As relevant to his claim on appeal, Campos alleged that his trial counsel was ineffective for leading him to believe that he would receive a concurrent sentence, and advising him to "simply agree in the 'positive' with what ever (sic) was ask[ed] at pleading" and counsel would address Campos' sentencing questions later pursuant to an Idaho Criminal Rule 35 motion. The State filed a motion for summary dismissal arguing that the claim was disproved by the record. After a hearing on the motion, the district court summarily dismissed Campos' petition. Campos timely appeals.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering

2

summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free

3

review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

In his petition for post-conviction relief, Campos alleged that counsel told him that his sentence would be concurrent and after he realized there was an error in his plea agreement and informed counsel, counsel told Campos to "lie" to the district court during the change of plea hearing and just "roll with it." Campos alleges that trial counsel told him that any errors regarding his sentence would be corrected later either during sentencing or pursuant to an I.C.R. 35 motion. Based on these allegations, Campos argues that his guilty plea was not knowing, voluntary, and intelligent and had he known that an agreement for his sentence to run concurrent with the Canyon County case did not actually exist, there is a reasonable probability that he would have rejected the plea agreement and proceeded to trial. The district court found that Campos' allegations were disproved by the record. We agree.

Campos made numerous assurances that he understood the terms of his plea agreement in the guilty plea advisory form. Specifically, Campos understood that according to the plea agreement, his sentence was open for argument and the district court was not bound by the plea

4

agreement when imposing sentence.  When asked in the guilty plea advisory form "what are the terms of th[e] plea agreement?" Campos handwrote "plead guilty to felon in pos[session] of firearm open sentencing."  Campos circled "yes" when asked, "[d]o you understand that the only person who can promise what sentence you can actually receive is the Judge?"  Additionally, Campos initialed next to the paragraph that stated he:

> underst[ood] that the court is <u>NOT</u> bound by the plea agreement or any sentencing recommendations, and may impose any sentence authorized by law, including the maximum sentence stated above.  Because the court is not bound by the agreement, if the district court chooses not to follow the agreement, I will not have the right to withdraw my guilty plea.

Campos assured the court that no other promises were made to him that influenced his decision to plead guilty and he was doing so both freely and voluntarily.  Finally, when asked, "[o]ther than in the plea agreement, has any person promised you that you will receive any special sentence, reward, favorable treatment, or leniency with regard to the plea you are about to enter?" Campos circled "No."  Campos swore under penalty of perjury that his answers contained in the guilty plea advisory form were true and correct.

In his post-conviction petition, Campos acknowledges that, during the change of plea hearing, he assured the district court that his plea was freely and voluntarily made.  Nonetheless, Campos claims that he was lying to the district court throughout the change of plea hearing based on the advice and assurances of his trial counsel.  However, under oath, Campos' testimony at the change of plea hearing reaffirmed the same assurances that Campos made in the guilty plea advisory form.  Furthermore, Campos' counsel explained the content of the plea agreement on the record stating, "he's going to plead guilty to Count II, a felon in possession of a firearm.  The other counts would be dismissed.  Sentencing is open to argument."  Additionally, on two separate occasions the district court informed Campos that his sentence was open for argument.  The court also explained,

> Court:      You understand that at sentencing I could decide to give you five
>                  years fixed?
> Campos:   Yes, sir.
> Court:      And I could make it consecutive to the Canyon County case?
> Campos:   Yes, Sir.

Campos contends that the district court is required to conduct an evidentiary hearing when, as here, the statements he makes in post-conviction are contrary to the statements he made incident to the guilty plea.  However, this is exactly the situation where the appellate courts have

5

held that the post-conviction claims are belied by the record and subject to summary dismissal. *See Roman*, 125 Idaho at 647, 873 P.3d at 901; *see also Kelly*, 149 Idaho at 521, 236 P.3d at 1281. Without more, the district court is not, contrary to Campos' assertion, required to conduct an evidentiary hearing to determine which of Campos' contrary statements is more credible.[1] Consequently, Campos' post-conviction claim that he relied on erroneous advice from counsel when entering his guilty plea is disproved by the record. Thus, the district court did not err in summarily dismissing Campos' petition for post-conviction relief.

### III.

### CONCLUSION

The district court did not err in granting the State's motion for summary dismissal. Therefore, the judgment of the district court summarily dismissing Campos' petition for post-conviction relief is affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.

---

[1] We do not here address the circumstance where petitioner submits evidence in addition to the contradictory statements in support of the post-conviction claim.