**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46504**

| | |
|---|---|
| MICHAEL ROBERT OSBORN, | ) |
| | ) Filed: March 20, 2020 |
| Petitioner-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff Nye, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Michael Robert Osborn appeals from a judgment summarily dismissing his petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Osborn was charged with robbery, aggravated assault on a law enforcement officer, use of a firearm during the commission of a crime, unlawful possession of a firearm, two counts of intimidating a witness, and misdemeanor resisting and obstructing a law enforcement officer. Pursuant to a plea agreement encompassing both this case and a separate robbery case, Osborn pled guilty to aggravated assault on a law enforcement officer, unlawful possession of a firearm,

1

one count of intimidating a witness, and petit theft.[1]  In exchange, the State agreed to dismiss the other charges and recommend a specific sentence.

Subsequently, Osborn filed a petition for post-conviction relief asserting several grounds for relief, including a claim that his guilty pleas were coerced by his trial counsel's threat to withdraw.  The State answered and moved for summary dismissal of the petition.  After a hearing, the district court summarily dismissed Osborn's petition, concluding that the record disproved Osborn's coercion claim against his trial counsel.  Osborn appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief.  *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008).  Over questions of law, we exercise free review.  *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Osborn argues that the district court erred in summarily dismissing his petition for post-conviction relief.  Specifically, Osborn contends that he presented a genuine issue of material fact regarding whether his trial counsel was ineffective by threatening to withdraw if Osborn did not plead guilty.[2]  The State argues that the district court's summary dismissal was proper because Osborn's statements during his plea colloquy disprove his coercion claim and that his claim otherwise fails on the merits.  We hold that Osborn has failed to show that the district court erred in summarily dismissing his petition.

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if

---

[1]     Osborn also pled guilty to additional offenses in the separate robbery case, but those offenses are not at issue in this appeal.

[2]     Although Osborn asserted several grounds for relief in his petition for post-conviction relief, on appeal he only challenges the district court's summary dismissal of his coercion claim.

it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986).

Summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006).

The district court summarily dismissed Osborn's claim that his pleas were coerced by his trial counsel's threat to withdraw, concluding that the record disproved Osborn's claim. In support of this conclusion, the district court made findings related to the voluntariness of Osborn's guilty pleas. Specifically, the district court found that the record of Osborn's plea proceedings showed that: (1) Osborn was advised of his right not to plead guilty and that he

could not be forced or threatened into pleading guilty; (2) Osborn was capable of entering a guilty plea and did so; and (3) Osborn affirmed his satisfaction with his trial counsel's representation. Osborn does not challenge these findings. Rather, Osborn argues that the allegations supporting his post-conviction claim of coercion create a genuine issue of fact on his ineffective assistance claim because the allegations contradict the statements he made in conjunction with his guilty plea.

Osborn alleged in his petition that his trial counsel threatened to withdraw if Osborn did not plead guilty. In addition to averring that the threat occurred, Osborn cited the guilty plea advisory form in the underlying criminal case as further evidence of the threat. In that form, Osborn responded to a question asking whether any person threatened him to enter a plea against his will by making a mark above the word "yes" and circling the word "no."[3] Osborn alleged that he made a mark above the word "yes" because of his trial counsel's threat to withdraw. Our decision in *Campos v. State*, 165 Idaho 90, 438 P.3d 787 (Ct. App. 2019) governs our analysis in this case.

Like Osborn, the petitioner in *Campos* made post-conviction allegations contrary to statements he made incident to his guilty plea. *Id.* at 94-95, 438 P.3d at 790-91. In addressing Campos' argument that the contradiction between his post-conviction statements and plea-hearing statements alone entitled him to an evidentiary hearing, this Court wrote:

> [T]his is exactly the situation where the appellate courts have held that the post-conviction claims are belied by the record and subject to summary dismissal. *See Roman*, 125 Idaho at 647, 873 P.2d at 901; *see also Kelly*, 149 Idaho at 521, 236 P.3d at 1281. Without more, the district court is not, contrary to Campos' assertion, required to conduct an evidentiary hearing to determine which of Campos' contrary statements is more credible.

*Campos*, 165 Idaho at 95, 438 P.3d at 791. In a footnote, this Court further clarified that this holding was limited to cases where the post-conviction claim is supported only by a petitioner's contradictory statements. *Id.* at 95 n.1, 438 P.3d at 791 n.1.

Osborn argues that our holding in *Campos* was incorrect because it was unsupported by the authority cited and is directly contrary to both I.C. § 19-4906(c) and *Thumm v. State*, 165

---

[3] During his plea hearing, Osborn affirmed that he answered the questions contained in his guilty plea advisory form by circling either "yes" or "no."

Idaho 405, 447 P.3d 853, 869 (2019). According to Osborn, I.C. § 19-4906(c) and *Thumm* require an evidentiary hearing to determine the credibility of a petitioner's contradictory statements. We disagree. It is well-established that allegations clearly disproven by the record of the original proceeding are an insufficient basis for post-conviction relief. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Cooper v. State*, 96 Idaho 542, 545, 531 P.2d 1187, 1190 (1975). Neither I.C. § 19-4906(c) nor *Thumm* undermine this point of law. Idaho Code Section 19-4906(c) authorizes summary disposition of a post-conviction petition when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law; however, the statute does not define what constitutes a genuine issue of material fact. Consequently, I.C. § 19-4906(c) does not require an evidentiary hearing to resolve the credibility of a petitioner's contradictory statement in every case. With regard to *Thumm*, that case did not involve a claim for post-conviction relief supported only by the petitioner's contradictory statements. Thus, *Thumm* does not govern whether Osborn was entitled to an evidentiary hearing in this case.

Osborn further argues that our holding in *Campos* bars any post-conviction claims after a guilty plea. Osborn appears to interpret *Campos* as authorizing the summary dismissal of post-conviction claims when the plea process generates *some* evidence contradicting the claim. Osborn misapprehends the scope of the holding in *Campos*. As previously stated, the holding in *Campos* is limited to those cases where a post-conviction claim is supported by only a petitioner's post-conviction statements contradicting solemn declarations made during the plea process. *See Campos*, 165 Idaho at 95 n.1, 438 P.3d at 791 n.1. A strong presumption of verity attaches to a defendant's solemn declarations during a plea hearing. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Vague and conclusory allegations contradicting such declarations are subject to summary dismissal when presented after conviction. *See id.* at 74-76; *see also Campos*, 165 Idaho at 95, 438 P.3d at 791. *Campos* authorizes summary dismissal of post-conviction claims when the only purpose of an evidentiary hearing would be to resolve whether a petitioner's post-conviction allegations are more credible than sworn pre-conviction statements. We are unpersuaded by Osborn's arguments that *Campos* was wrongly decided. Thus, we will apply the principle cited therein that summary dismissal of Osborn's coercion claim was proper if it was clearly disproved by the record of the underlying criminal proceedings.

5

Osborn asserts that two documents support his coercion claim: (1) an affidavit in which he averred that his trial counsel threatened to withdraw when Osborn expressed a desire to proceed to trial; and (2) the mark above the word "yes" on his guilty plea advisory form in response to a question asking whether anyone had threatened him in an attempt to coerce his guilty plea guilty.[4] The record of a plea proceeding is a daunting, though not insuperable, barrier to post-conviction claims. *Blackledge*, 431 U.S. at 74. The evidence Osborn submitted to support his coercion claim is insufficient to overcome this barrier. Neither Osborn's affidavit nor his guilty plea advisory form contain any specifics about the alleged threat by Osborn's counsel, nor is it appropriate to presume that an evidentiary hearing would lead to the presentation of additional evidence. Thus, the district court did not err in concluding that the small mark on Osborn's guilty plea advisory form and his post-conviction allegations of coercion were insufficient to entitle Osborn to an evidentiary hearing. Consequently, Osborn has failed to show that the district court erred in summarily dismissing his petition for post-conviction relief.[5]

## IV.

## CONCLUSION

The district court correctly concluded that Osborn's claim that his attorney coerced his guilty pleas was clearly disproven by the record of the underlying criminal proceeding. Thus, Osborn has failed to show that the district court erred in summarily dismissing his petition for post-conviction relief. Consequently, the judgment summarily dismissing Osborn's petition for post-conviction relief is affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.

---

[4] Osborn attempted to submit an affidavit from his mother as further evidence of the alleged coercive threat by his attorney. However, the district court held all the averments related to the alleged threat to withdraw to be inadmissible hearsay and refused to consider them.

[5] Because we affirm the district court's conclusion that Osborn's coercion claim was clearly disproven by the record, we need not address the State's arguments that the claim otherwise fails on the merits.