IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 47581

| | |
|---|---|
| MARTIN REFUGIO MERAZ, | ) |
| | ) Filed: April 21, 2021 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment summarily dismissing petition for post-conviction relief, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeffery D. Nye, Deputy Attorney General, Boise, for respondent.

BRAILSFORD, Judge

Martin Refugio Meraz appeals from the district court's order summarily dismissing his petition for post-conviction relief. We affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

In August 2018, Meraz pled guilty to aggravated assault with a deadly weapon enhancement, Idaho Code §§ 18-907, 19-2520. Meraz signed a guilty plea advisory form under oath. This form acknowledged, among other things, that the terms of the plea agreement provided for open sentencing; no other promises had been made to influence Meraz to plead guilty; no person had promised Meraz that he would "receive any special sentence, reward, favorable treatment, or leniency with regard to the plea"; and Meraz understood the sentencing judge was the only person who could promise Meraz's actual sentence. The form also indicated,

1

however, that Meraz believed his attorney should file a motion or request that Meraz be allowed to "go to the victory outreach mens [sic] home in Nampa instead of prison." During the change of plea hearing, Meraz acknowledged that no one had promised him anything other than as stated in the plea agreement:

> During the plea colloquy, [Meraz] agreed that he understood the questions on the guilty plea advisory form and that he answered them honestly. That's set forth in the record, the audio recording of the guilty plea hearing.
> I also asked [Meraz]: Has anyone promised you anything to get you to plead guilty beyond the State's promises in the plea agreement that's been described here in the Court today?
> And [Meraz] responded in the negative.
> At the sentencing hearing [Meraz's] counsel made an argument for probation. I ultimately didn't go along with that argument, and I ordered that [Meraz] serve a 15-year prison sentence with four years fixed, followed by 11 years indeterminate, ordered outright into imposition.[1]

Thereafter, in May 2019, Meraz filed a pro se petition for post-conviction relief and a supporting affidavit. As relevant to this appeal, Meraz alleged that he "was induced [to plead guilty] by promises that were not kept" and that he "was told that [he] would receive probation and that did not take place." After the district court appointed counsel for Meraz, the State moved for summary dismissal, arguing that Meraz presented no evidence he was induced by promises to plead guilty and that the underlying record belies this claim. In response, Meraz argued that because his plea was "the product of promises that were not kept," whether his "plea was knowing, voluntary and intelligent" is a factual issue precluding summary dismissal.

The district court held a hearing on the motion for summary dismissal. At the conclusion of the hearing, the court rejected Meraz's claim that "he was promised he'd get probation" as "flatly disproved by the record in the underlying criminal case." Further, the court also construed Meraz's allegation that he was promised probation as possibly alleging his trial counsel predicted the court would sentence Meraz to probation. Relying on *Bjorklund v. State*, 130 Idaho 373, 941 P.2d 345 (Ct. App. 1997), the court rejected this claim, concluding counsel's

---

1    During the summary dismissal hearing, the district court provided this description of Meraz's plea colloquy at the guilty plea hearing in the underlying case. The audio recording of the guilty plea hearing to which the court refers, however, is not in the appellate record. Any missing portion of the record is presumed to support the trial court's ruling. *State v. Murphy*, 133 Idaho 489, 494, 988 P.2d 715, 720 (Ct. App. 1999). Moreover, neither party disputes the court's description of what occurred during the guilty plea hearing. Rather, they both expressly rely on the district court's description of that hearing.

2

inaccurate prediction about a sentence does not warrant post-conviction relief. Accordingly, the court summarily dismissed Meraz's petition. After the summary dismissal hearing, the court entered a written order of dismissal comporting with its earlier oral ruling.

Meraz timely appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained

to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Meraz challenges the district court's summary dismissal of his claim that his guilty plea was not knowing, voluntary, and intelligent because his counsel's false promise of probation

induced Meraz to plead guilty. Although Meraz concedes this claim is "indeed contradicted by the statements he made earlier in the criminal case," he contends "there is no rule of law stating earlier-made statements necessarily disprove a later-made statement." The State responds that this Court's decision in *Campos v. State*, 165 Idaho 90, 438 P.3d 787 (Ct. App. 2019), is dispositive of Meraz's appeal. We agree with the State.

In *Campos*, Campos filed a pro se petition for post-conviction relief, alleging that his trial counsel was ineffective for "leading him to believe that he would receive a concurrent sentence" and "advising him to simply agree in the positive with what ever [sic] was asked at pleading." *Id.* at 92, 438 P.3d at 789 (quotations and brackets omitted). The State moved to dismiss Campos' petition and, after a hearing on the motion, the district court summarily dismissed the petition. *Id.* On appeal, Campos argued his plea was not knowing, voluntary, and intelligent-- despite his "numerous assurances" to the district court, both in his guilty plea advisory form and during the change of plea hearing, that he understood the terms of his plea agreement and that "no other promises were made to him that influenced his decision to plead guilty." *Id.* at 93-94, 438 P.3d at 790-91. Campos argued the district court was required to conduct an evidentiary hearing because his post-conviction statements were contrary to his statements made when pleading guilty. *Id.* at 94, 438 P.3d at 791. This Court rejected Campos' argument, ruling:

> [T]his is exactly the situation where the appellate courts have held that the post-conviction claims are belied by the record and subject to summary dismissal. Without more, the district court is not . . . required to conduct an evidentiary hearing to determine which of Campos' contrary statements is more credible.

*Id.*

As in *Campos*, Meraz's "later-made statement" that his guilty plea was not knowing, voluntary, and intelligent and his contrary "earlier-made statements" in support of his guilty plea do not create a disputed factual issue requiring an evidentiary hearing. A strong presumption of verity attaches to a defendant's solemn declarations during a plea hearing. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); *United States v. Rivera-Ramirez*, 715 F.2d 453, 458 (1983) ("[S]olemn declarations made in open court carry a strong presumption of verity."). Meraz's responses both in his guilty plea advisory form and during the plea colloquy expressly acknowledged under oath that no one had

promised him any particular sentence and that no one but the court could promise a particular sentence. Under *Campos*, an evidentiary hearing is not necessary to determine which of Meraz's sworn statements--those he made in support of his guilty plea or those he made in support of his petition for post-conviction relief--are more credible. Meraz's post-conviction statements are inadequate to overcome the presumed veracity of his earlier sworn statements in support of his guilty plea.

On reply, Meraz attempts to distinguish *Campos*. He notes *Campos* does not address "the circumstance where a petitioner submits evidence in addition to the contradictory statements" in support of his claim. *See Campos*, 165 Idaho at 94 n.1, 438 P.3d at 791 n.1. Relying on this limitation, Meraz characterizes his statement in his guilty plea advisory form that he believed his counsel should make a request that Meraz "go to the victory outreach mens [sic] home in Nampa instead of prison" as evidence that his counsel had promised him probation. To the contrary, however, Meraz's belief that his counsel should request that Meraz be allowed to participate in a program in lieu of prison is not evidence that his counsel promised probation. Rather, the statement is evidence of Meraz's acknowledgment that imprisonment was a possibility. Accordingly, we disagree that this case is distinguishable in any meaningful way from *Campos*.

Meraz also challenges the district court's characterization of his petition as alleging that his counsel inaccurately predicted probation versus falsely promised probation. He argues that to the extent this characterization is "a factual finding," "it is not supported by anything in the record." This challenge misconstrues the court's ruling.

The district court's characterization of Meraz's claim as alleging his counsel inaccurately predicted probation relates to the court's alternative ruling. When the court announced its ruling at the conclusion of the summary dismissal hearing, the court found that Meraz's "claim that he was promised he'd get probation . . . is flatly disproved by the record of the underlying criminal case." Then, the court alternatively ruled:

> Now, even assuming [Meraz's] counsel gave [Meraz] some sort of assurance or promise that if he pleads guilty he's going to get probation, "I think you're going to get probation [Meraz], just plead guilty," assuming his trial counsel said something like that, the *Bjorklund* case holds that this sort of prediction by counsel as to what sentence is going to be given by the trial court does not warrant post-conviction relief.

In *Bjorklund*, this Court ruled that "counsel's good faith advice regarding some component of sentencing[,] even if such advice ultimately proves inaccurate, does not render a

6

guilty plea involuntary." *Bjorklund*, 130 Idaho at 376, 941 P.2d at 348; *see also Davidson v. State*, 92 Idaho 104, 105, 437 P.2d 620, 621 (1968) ("A mere prediction by counsel of the court's likely attitude on a sentence, short of some implication of an agreement or understanding . . . is not ground for attacking a guilty plea."). Accordingly, the district court correctly concluded that any inaccurate prediction by Meraz's counsel about probation did not invalidate Meraz's guilty plea, and this ruling was merely an alternative ruling, not a mischaracterization of Meraz's allegations.

## IV.
## CONCLUSION

We hold that the district court did not err by summarily dismissing Meraz's petition for post-conviction relief, and we affirm the district court's judgment.

Judge GRATTON and Judge LORELLO **CONCUR**.