**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48469**

| | |
|---|---|
| BRANDON CODY MARLOW, | ) |
| | ) **Filed: December 14, 2021** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott L. Wayman, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin & McKay, LLP; Dennis Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Brandon Cody Marlow appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. Marlow argues that the district court erred when it summarily dismissed his claim that trial counsel was ineffective in failing to advise Marlow of the waiver of his right to appeal contained in the plea agreement. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

This case arose after Marlow was charged with grand theft, two counts of aggravated assault, burglary, two counts of robbery, and two counts of second degree kidnapping. The case proceeded to a jury trial where Marlow was acquitted of one count of aggravated assault, and the jury could not reach a verdict on the remaining charges.

The State elected to retry the remaining charges. At the pretrial conference, the State offered a plea agreement to Marlow. After discussing the agreement with his attorney, Marlow

1

accepted the offer and entered an *Alford*[1] plea to second degree kidnapping and robbery. As part of the plea agreement, Marlow agreed to waive both his right to appeal and his right to withdraw the guilty plea. All additional charges were dismissed by the State.

After accepting the plea agreement, Marlow filed a motion to dismiss and a motion to withdraw his guilty plea. The motion to dismiss was based upon Marlow's assertion that the State had intimidated his alibi witness. After an evidentiary hearing, the district court denied the motion. Marlow's motion to withdraw his guilty plea was based, among other contentions, upon a lack of preparedness for trial, additional evidence, and the claimed alibi. In the State's brief in response to the motion, the State argued against these substantive claims and also asserted that Marlow's plea was entered knowingly and voluntarily, and that his motion should be dismissed due to the waiver of his rights to appeal and to withdraw his plea. A hearing was held on the motion at which the district court heard testimony and argument regarding the substantive claims as well as Marlow's waiver of his rights incident to the plea agreement. In response to a question regarding his knowledge of the waiver of his right to withdraw his guilty plea, Marlow testified:

> I didn't--at the time I did not know of that because I have a hard time reading without glasses, and I was not aware that I was not able to appeal it or withdraw my guilty plea or else I would not have signed the deal. I found that out by my attorney afterwards.

Despite his claim that he did not know of the waiver of his rights to withdraw his guilty plea and to appeal, the district court found that Marlow waived his right, that Marlow's guilty plea was knowingly, intelligently, and voluntarily made, and that Marlow failed to establish a just reason to withdraw his plea.[2]

Marlow subsequently appealed, arguing that the district court erred when it denied his motion to dismiss and motion to withdraw his guilty plea. The State filed a motion to dismiss, citing Marlow's appeal waiver. Rather than attempt to show good cause why the appeal should not be dismissed, Marlow sent a letter to the Court indicating that he did not intend to file any further response. The Idaho Supreme Court subsequently granted the State's motion and dismissed Marlow's appeal.

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

[2]     The district court also denied the motion finding that the substantive claims were not adequately supported and did not present a just reason for withdrawal of the guilty plea.

Marlow next filed a post-conviction petition asserting, as relevant here, that his counsel failed to inform him of the waiver of his right to appeal, which constituted ineffective assistance of counsel. The State filed a motion for summary disposition arguing, among other things, that Marlow's claim that his guilty plea was not entered knowingly, intelligently, and voluntarily because he did not know of the waiver was belied by the record and barred by res judicata because the claim had previously been decided and that decision was final. The district court granted the State's motion. Marlow timely appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Marlow argues that the district court erred in summarily dismissing his ineffective assistance of counsel claim. Specifically, Marlow argues that he presented a genuine issue of material fact by averring that his counsel failed to inform him that the plea offer contained a waiver of his right to appeal (and his right to withdraw his guilty plea),[3] and that this failure prejudiced him because he would not have accepted the plea agreement had he known about the waiver. The State argues that Marlow's claim that his guilty plea was not made knowingly, intelligently, and voluntarily because he did not know of the waiver is barred by res judicata, and that Marlow failed to show that rejecting the plea agreement would have been rational. We agree with the State.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show

---

[3] Marlow acknowledges that he was aware of the waiver of constitutional rights in the plea agreement, but claims that the waiver of his rights to withdraw his guilty plea and to appeal were separate from the waiver of constitutional rights.

3

that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

The doctrine of res judicata bars relitigation of issues that have been previously decided in an action between the same litigants. *See State v. Rhoades*, 134 Idaho 862, 863, 11 P.3d 481, 482 (2000); *State v. Beam*, 115 Idaho 208, 210-11, 766 P.2d 678, 680-81 (1988). Whether an action is barred by res judicata is a question of law over which we exercise free review. *Rhoades*, 134 Idaho at 863, 11 P.3d at 482.

Whether Marlow knowingly waived his right to appeal in the plea agreement has already been litigated. In post-conviction, Marlow asserted that he did not know of the waiver prior to pleading guilty because counsel failed to make it known to him before he accepted the plea agreement.[4] As noted, however, incident to the motion to withdraw guilty plea filed in the trial court, Marlow claimed that he was unaware of the waiver of the right to appeal in the plea agreement. Rejecting this claim, the trial court found that Marlow's guilty pleas were knowing, voluntary, and intelligent. Thus, independent of what counsel did or did not do, the trial court

---

[4] In his affidavit accompanying his amended petition, Marlow averred: "During my initial conversation with my appellate attorney was the first time that I was informed that I had waived my appellate rights as a term of the plea agreement." This averment, signed August 6, 2020, is directly contrary to Marlow's testimony at the motion to withdraw his guilty plea two years prior, on August 6, 2018, where he testified: "I was not aware that I was not able to appeal it or withdraw my guilty plea or else I would not have signed the deal. I found that out by my attorney afterwards."

rejected Marlow's claim that he did not know about the appellate waiver in light of Marlow's signature on the written plea agreement, which included the waiver, and the plea colloquy.[5]  In other words, the district court concluded Marlow's assertion was belied by the record and rejected his testimony that he did not understand the terms of the agreement.  Beyond the validity of Marlow's plea being previously litigated in the context of his motion to withdraw the plea, it is well-settled that post-conviction claims that are belied by the record are subject to summary dismissal.  *See Campos v. State*, 165 Idaho 90, 94, 438 P.3d 787, 791 (Ct. App. 2019).  A district court is not required to conduct an evidentiary hearing to determine which contrary statements are more credible.  *Id.*  This is particularly true where, as here, the petitioner has already offered testimony on the issue.

Marlow appealed the trial court's denial of his motion to withdraw guilty plea.  The State filed a motion to dismiss, citing the appeal waiver.  In *McKinney v. State*, 162 Idaho 286, 296, 396 P.3d 1168, 1178 (2017), the Supreme Court stated:

> If a defendant files an appeal and has waived the right to appeal the only issue(s) that the defendant seeks to raise on appeal, and that fact is brought to our attention before oral argument, we will issue an order conditionally dismissing the appeal in order to give the defendant an opportunity to show good cause why the appeal should not be dismissed.

As contemplated by *McKinney*, Marlow was given a chance to respond to the State's motion to dismiss his appeal and argue why he was entitled to appeal under the circumstances.[6]  He elected not to do so and his appeal was dismissed, leaving the trial court's finding that his guilty plea, which included the appellate waiver, was made knowingly, intelligently, and voluntarily as the final judgment on the matter.  Although Marlow contends that res judicata does not apply because his ineffective assistance of counsel claim is different than whether his guilty plea was valid, he

---

[5]    Although the district court did not specifically discuss the appellate waiver as part of the plea colloquy, such is not a prerequisite to enforcement of the waiver.  *See State v. Haws*, 167 Idaho 471, 479, 472 P.3d 576, 584 (2020) (holding that defendant made a knowing, intelligent, and voluntary waiver of his appellate rights even though contradicted by the court during the plea hearing, given written plea agreement, and defendant's statement that he understood the agreement).

[6]    Marlow could have raised the same or similar arguments as he makes in this case in response to the State's motion to dismiss.  In addition, although not raised by Marlow so not addressed here, Marlow may have been able to assert a right to appeal the issues raised in the motion to dismiss and the motion to withdraw as they were ruled upon after the entry of the plea and appellate waiver.

5

does not challenge the finality of the district court's decision that his guilty plea was knowing, voluntary, and intelligent. A plea is knowing when the defendant is informed of the direct consequences of his plea. *State v. Thomas*, 154 Idaho 305, 307, 297 P.3d 268, 270 (Ct. App. 2013). Here, the plea agreement informed Marlow that one of the consequences of accepting the plea agreement would be the waiver of the right to appeal. The district court found Marlow's plea was knowingly entered. Thus, the district court found that Marlow was aware of the consequences of his guilty plea--including the waiver of his right to appeal--and that finding is now res judicata. Thus, regardless of what counsel did or did not do, Marlow was aware of the appellate waiver by virtue of the district court finding his plea was knowingly entered. Therefore, even if trial counsel was deficient in making the waivers known to Marlow before his plea, Marlow cannot establish he did not know about the appellate waiver, and consequently, cannot show prejudice.

Moreover, Marlow has failed to show that a decision to reject the plea offer would have been rational. "In order to obtain relief, a petitioner must show that a decision to reject the plea bargain would have been rational under the circumstances." *Keserovic v. State*, 158 Idaho 234, 239, 345 P.3d 1024, 1029 (Ct. App. 2015). The plea agreement in this case resulted in the State dismissing five of the remaining seven charges against Marlow. Marlow made no argument, outside of his assertion that he would not have accepted the deal had he known of the waiver, that rejecting this plea deal would have been rational. While Marlow argues that the State failed to raise this argument below, the burden is on the petitioner to allege a genuine issue of material fact that a decision to reject a plea agreement would have been rational under the circumstances. Marlow attempts in his reply brief to argue why it would be rational to reject the plea agreement, but did not present those assertions in the district court and they are, nonetheless, insufficient to make a prima facie showing. Therefore, the district court did not err in summarily dismissing Marlow's post-conviction petition.

## IV.

## CONCLUSION

Marlow's challenge to the voluntariness of his plea based on counsel's alleged failure to advise him of the written appellate waiver has previously been adjudicated. As such, Marlow cannot make the requisite prima facie showing of prejudice from ineffective assistance of counsel. Further, Marlow did not make a prima facie showing that rejecting the plea agreement would be

rational under the circumstances. Therefore, we affirm the district court's judgment summarily dismissing Marlow's petition for post-conviction relief.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.