**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48125**

| | |
|---|---|
| LOUIS SIMUEL SMOTHERS, | ) |
| | ) Filed:  May 26, 2022 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. Benjamin J. Cluff, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Louis Simuel Smothers appeals from the judgment summarily dismissing his petition for post-conviction relief.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In November 2018, the State charged Smothers with two counts of video voyeurism, Idaho Code § 18-6609(3).  Smothers never denied making the video in question, but has continuously denied sending the video to anyone.  Smothers believes the victim in this case framed Smothers by accessing his Facebook account to send the explicit video.  In the end, Smothers pled guilty to one count of video voyeurism pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), and filed a guilty plea advisory form in April 2019.  A judgment of conviction was entered in June 2019 from which Smothers did not appeal.

1

In October 2019, Smothers filed a pro se petition for post-conviction relief, and the district court appointed counsel to represent him. Smothers then filed an amended petition for post-conviction relief alleging three counts of ineffective assistance of counsel for: (1) not investigating Smothers' cell phone and the cell phones of the victim and victim's husband; (2) not contacting witnesses who had exculpatory evidence; and (3) not filing a motion in limine to exclude the video at issue. The State filed an answer and a separate motion for summary disposition, arguing Smothers' claims were conclusory and did not set forth any facts or evidence to support his allegations. The State further argued Smothers' guilty plea advisory form belied and disproved his ineffective assistance of counsel claims, and the doctrine of waiver applied to Smothers' petition. The State also submitted an affidavit from the law enforcement officer who investigated the video voyeurism allegation.

Smothers filed a response and attached supporting affidavits. The district court held a hearing on the State's motion for summary disposition and took the matter under advisement. Subsequently, the district court granted the State's motion, determining that the record conclusively disproved Smothers' claims of ineffective assistance of counsel. Smothers timely appeals.

## II.

## STANDARD OF REVIEW

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho

2

353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin v. State*, 138 Idaho 269, 272, 61 P.3d 626, 629 (Ct. App. 2002).

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

### III.

### ANALYSIS

Smothers asserts the district court erred by summarily dismissing his petition. Smothers made three allegations of ineffective assistance of counsel: (1) failure to obtain digital evidence from his cell phone and phones belonging to the victim and her husband; (2) failure to investigate a potential witness; and (3) failure to file a motion in limine to exclude the explicit video police obtained from the victim's husband. Smothers contends that he raised a genuine issue of material

3

fact as to each claim. He further argues that the State's motion for summary dismissal did not include Smothers' failure to allege prejudice as a basis for summary dismissal such that the district court's dismissal on this basis was improper due to lack of notice.

The State claims that the guilty plea advisory form disproves Smothers' allegations of ineffective assistance of counsel. The State argues further investigation into digital evidence or witnesses was unnecessary because Smothers decided to plead guilty, and he confirmed in his guilty plea form that he was satisfied with his trial counsel's investigation. At the change of plea hearing, Smothers testified under oath that there was nothing he wanted his attorney to do that had not been done. The State also contends that a motion in limine to exclude the video would have failed under Idaho Rules of Evidence 1002 and 1003. Lastly, the State asserts that Smothers failed to allege prejudice.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). The Court will evaluate reasonableness based upon all the circumstances, and whether counsel's "acts or omissions were outside the whole range of professionally competent assistance." *State v. Mathews*, 133 Idaho 300, 306, 986 P.2d 323, 329 (1999) (quoting *Strickland*, 466 U.S. at 690).

Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long-adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

4

## A.      Prejudice

The district court dismissed Smothers' petition for failure to satisfy both the deficient performance and prejudice prongs of *Strickland*. As noted, Smothers claims he had no notice that the petition could be dismissed on the prejudice prong. However, Smothers had notice that his petition could be dismissed for failure to sufficiently allege prejudice. Post-conviction relief proceedings are governed by the Idaho Rules of Civil Procedure. Therefore a motion for summary disposition must state with particularity the grounds for the relief sought. I.R.C.P. 7(b)(1)(B); *DeRushé*, 146 Idaho at 601, 200 P.3d at 1150. *DeRushé* clearly holds that an appellant may not challenge the sufficiency of the notice contained in the motion for summary disposition, and accompanying memoranda, for the first time on appeal.[1] *Id.* at 602, 200 P.3d at 1151. However, *DeRushé* does not preclude an appellant from asserting for the first time on appeal that his claim was dismissed without any notice at all. *Kelly*, 149 Idaho at 522, 236 P.3d at 1282.

In *Kelly*, the State's motion for summary dismissal sought dismissal of all claims on the ground that Kelly had no evidentiary basis to support his claims. *Id.* at 522, 236 P.3d at 1282. The State's memorandum cited the two-prong test established in *Strickland* and quoted Idaho case law dealing with ineffective assistance of counsel claims. *Kelly*, 149 Idaho at 522, 236 P.3d at 1282. The district court dismissed Kelly's claim because he had not provided facts to show deficient performance by his trial counsel. *Id.* The Idaho Supreme Court held the State's motion provided Kelly notice of the ground on which his claim was to be dismissed, "irrespective of whether that

---

[1]      Regarding challenges to the sufficiency of the notice, the Idaho Supreme Court has explained:

> To properly preserve this issue for appeal, an applicant would merely have to raise the issue below so that the district court had an opportunity to rule on it. For example, where the petitioner for post-conviction relief receives a motion for summary dismissal and does not feel that the motion for summary dismissal and accompanying memoranda provides [sic] him with sufficient notice of the grounds for summary dismissal--under the standard established in *DeRushé*--he may file a motion with the district court under I.R.C.P. 7, objecting to the motion for summary dismissal on the basis that it fails to provide him with sufficient notice. Likewise, the petitioner could object to the sufficiency of the notice at the summary dismissal hearing before the district court. Finally, if the district court grants the State's motion for summary dismissal, the petitioner may file an I.R.C.P. 11 motion for reconsideration, citing to *DeRushé* and arguing that the State's motion and accompanying memoranda did not provide sufficient notice.

*Kelly v. State*, 149 Idaho 517, 522 n.1, 236 P.3d 1277, 1282 n.1 (2010).

notice was sufficient (an issue Kelly waived by failing to raise it before the district court) it was notice nonetheless." *Id.*

Here, the State's motion reads: "The State of Idaho hereby moves the court to dismiss the AMENDED VERIFIED PETITION FOR POST-CONVICTION RELIEF pursuant to Idaho Code Section 19-4906(c)." The State's supporting memorandum stated twice: "Mr. Smothers' answers and admissions in the GUILTY PLEA ADVISORY FORM disprove his allegation that [trial counsel] provided 'ineffective assistance of trial counsel' to him. [S]ummary disposition is appropriate 'if the petitioner's allegations are disproven by the record of the criminal proceedings.'" The State's supporting memorandum includes a section on the applicable law which sets forth that ineffective assistance of counsel is a two-prong test under *Strickland* that requires the petitioner to prove both deficient performance and prejudice. *Strickland*, 466 U.S. at 687-88; *Self*, 145 Idaho at 580, 181 P.3d at 506. As to prejudice, the State's supporting memorandum correctly defines prejudice as requiring an allegation that there is a reasonable probability that, but for counsel's errors, the outcome would have been different, and it further defines "reasonable probability" within that context. Because the State alleged the evidence disproved "ineffective assistance of counsel" and not just one of the prongs, Smothers was on notice that his claim could be dismissed for either deficient performance or prejudice. Similar to *Kelly*, the State provided the *Strickland* standard with some case law that dealt with ineffective assistance of counsel, including reasonable probability under the prejudice prong.

Next, Smothers conflates notice with argument. He asserts that he did not have notice because the State did not argue prejudice at the hearing. However, Smothers bears the burden under *Strickland* to prove both deficient performance and prejudice and must establish a prima facie case of ineffective assistance of counsel in order to avoid summary dismissal; that burden is not dependent upon the State's argument. The State's burden is to provide adequate notice in the motion under I.R.C.P. 7(b)(1). Smothers waived any challenge to the adequacy of the State's notice by not raising the issue below in accordance with *DeRushé*.

Finally, Smothers argues to this Court that he did not address prejudice in his reply to the State's motion for summary disposition because he did not have notice. However, the record shows that Smothers' reply brief stated under Count I:

> When the alleged error of counsel is a failure to investigate or discover potential exculpatory evidence, the determination of whether the error was *prejudicial* depends on whether the evidence would have led counsel to change his

6

recommendation as to the plea. . . . The chances would have at least increased enough to have led counsel to change her recommendation as to the plea.

(Emphasis added.)

Further, under Count III, Smothers states: "By not even attempting to exclude this unreliable--potentially fabricated--evidence, trial counsel's performance was deficient and *prejudicial* to Mr. Smothers because he was left with no choice but to plead guilty pursuant to *North Carolina v. Alford.*" (Emphasis added.) Finally, in the CONCLUSION, Smothers states: "Here, the Petitioner has raised genuine issues of material fact concerning both the alleged deficiencies of trial counsel's investigation and the alleged resulting *prejudice.*" (Emphasis added.) Smothers was on notice that prejudice is required to establish ineffective assistance of counsel and that his claim could be dismissed for failing to adequately allege prejudice as evidenced by the State's memorandum in support of summary dismissal and in Smothers' response to the State's motion.

Smothers failed to identify anything in his petition alleging a genuine issue of material fact as to prejudice. Moreover, his response to the State's motion was inadequate in this regard since, even assuming he could adequately raise an allegation in his response, asserting that the "chances would have at least increased enough to have led counsel to change her recommendation as to the plea" does not show, but for the alleged deficiencies, there was a reasonable probability that he would not have pled guilty and would have instead proceeded to trial. Therefore, Smothers failed to satisfy the second *Strickland* prong, and the district court correctly dismissed the petition on this ground.

**B.     Deficient Performance**

The district court individually addressed each of the three claims raised by Smothers and in so doing found generally that the claims were belied by the record of the underlying criminal proceedings. The district court noted Smothers' answers to the following questions on the guilty plea advisory form: [2]

---

[2]     Although the district court took judicial notice of the guilty plea advisory form, the form itself is not part of the record on appeal. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991). Rather, missing portions of the record must be presumed to support the action of the trial court. *Grant v. State*, 156 Idaho 598, 605 n.5, 329 P.3d 380, 387 n.5 (Ct. App.

7

59.    Have you told your attorney everything you know about your case? YES
60.    Is there anything you have requested your attorney do that has not been done? NO
61.    Your attorney can obtain various items from the prosecutor relating to your case. This may include police reports, witness statements, tape recordings, photographs, reports of scientific testing, etc. This is called "discovery." Have you reviewed the evidence provided to your attorney during discovery? YES
62.    Are there any additional items you want to view before entering guilty plea? NO
63.    Do you want your attorney to undertake further investigation of your case? NO
64.    Has your attorney properly or adequately investigated your case? YES
. . . .
69.    Are you satisfied with your attorney's representation? YES

The district court found that Smothers testified to the following at his change of plea hearing:

[T]hat he told his attorney everything he knew about his case; that there was not anything he had requested his attorney do that had not been done; that he had reviewed all discovery; that were [sic] not any additional items he wanted to view before entering guilty plea; that he did not want his attorney to undertake further investigation of his case; that his attorney had properly and adequately investigated his case; and, that he was satisfied with his attorney's representation.

Lastly, the district court found "[t]he record in the underlying criminal case conclusively proves that [Smothers] wanted to plead guilty, and that [Smothers'] plea was knowingly and voluntarily given." The district court held: "[Smothers'] oral responses to the Court while under oath at his change of plea hearing, combined with his written responses contained in the [guilty plea advisory form] which he testified were truthful, conclusively disprove the allegations contained in the Petition and supporting affidavits."

This Court's decision in *Campos v. State*, 165 Idaho 90, 438 P.3d 787 (Ct. App. 2019), is instructive. In that case, Campos alleged in his post-conviction petition that counsel told Campos to lie to the district court during the plea hearing and that any errors regarding his sentence would be corrected later during sentencing or through an Idaho Criminal Rule 35 motion. *Id.* at 93, 438 P.3d at 790. His petition asserted his guilty plea was not knowing, voluntary, and intelligent, and that there was a reasonable probability he would have rejected the plea agreement if he had known

---

2014). Our representations of what the guilty plea form indicates is based upon the district court's order dismissing Smothers' petition.

about the sentencing error. *Id.* Even so, the record showed Campos made "numerous assurances that he understood the terms of his plea agreement in the guilty plea advisory form." *Id.* He also handwrote terms of the plea agreement, answered pertinent questions, and initialed next to explanatory paragraphs, all of which demonstrated his understanding. *Id.* at 93-94, 438 P.3d at 790-91. Additionally, Campos swore under oath that his responses in the guilty plea advisory form were true and correct. *Id.* at 94, 438 P.3d at 791. This Court ruled:

> [T]his is exactly the situation where the appellate courts have held that the post-conviction claims are belied by the record and subject to summary dismissal. Without more, the district court is not . . . required to conduct an evidentiary hearing to determine which of Campos' contrary statements is more credible.

*Id.* (internal citations omitted).

As set forth more fully below, the district court correctly found that Smothers' claims of deficient performance by counsel are disproved by the record.

### 1.       Phone records

Smothers claims his trial counsel was deficient for failing to obtain records from Smothers' cell phone and the phones belonging to the victim and her husband because Smothers told his trial counsel he believed the alleged victim remotely accessed Smothers' phone. Smothers alleges the phone records would have shown: a remote login notification from the relevant time period; no outgoing messages containing pornographic videos from Smothers' IP address; and incriminating messages and metadata on the phones belonging to the alleged victim and her husband. The only evidence provided by Smothers was his affidavit, which stated only that "on or about October 31, 2018, I received a Google security alert on one of the two phones seized by the police in the underlying criminal case; [t]hat I took a screen shot of the Google security alert."

The district court accepted that Smothers received a Google security notification but noted the nature of the notification was unclear and the relevance questionable. The district court concluded: "[Smothers'] sworn testimony that he received all the help he wanted from his attorney prior to entry of his plea conclusively proves that further investigations by his attorney into phone records were unnecessary. Therefore, [Smothers'] attorney was not deficient by not obtaining additional phone records."

The district court was correct to find that there was no genuine issue of material fact that Smothers' trial counsel was deficient. Smothers was undoubtedly aware of this evidence prior to his guilty plea because he reported that he took a screenshot. For that reason, when he chose to

9

plead guilty he did so with knowledge of this potential defense and evidence. Moreover, Smothers testified that at the time of his guilty plea he had received all the help he wanted from his attorney. Smothers also testified that his attorney had properly and adequately investigated Smothers' case. Now Smothers attempts to argue his attorney should have done more. Smothers' sworn testimony and guilty plea advisory form contradict that notion. Moreover, Smothers did not provide the district court with any of the phone records or the screenshot.

Similar to *Campos*, Smothers' current allegation, with no new evidence,[3] is belied by the record, and the district court did not need to conduct an evidentiary hearing to determine which statement is more credible.

### 2.    Witness

Smothers next argues his trial counsel was ineffective for failing to investigate a potential witness.[4] Smothers provided an affidavit from the potential witness that stated:

> [S]omebody from the Public Defender's Office contacted me regarding CR42-18-12748, but did not follow up with me; That if [Smothers'] attorney had followed up with me, I could have provided a digital message sent from [the victim] in the days leading up to [Smothers'] arrest that had an explicit video of her as an attachment followed by the text: "haha I just put your friend in jail."

Smothers argues this evidence supports his theory that he was framed by the victim and in turn creates a genuine issue of material fact as to trial counsel's deficient performance because trial counsel did follow up with the potential witness.

The district court accepted as true Smothers' allegation that the public defender's office contacted the potential witness one time but did not further follow up. However, the district court did not accept as true the contents of the alleged text was inadmissible as hearsay. And the purported text message was not submitted to the district court with the potential witness's affidavit. Based upon the foregoing findings the district court held: "While some investigation is necessary

---

[3]     Smothers never argues that he did not knowingly, voluntarily, or intelligently enter into the guilty plea nor does he provide any evidence to suggest as much. *See State v. Gonzales*, 158 Idaho 112, 116, 343 P.3d 1119, 1123 (Ct. App. 2015) ("A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'").

[4]     In his petition, Smothers also alleged counsel was ineffective for failing to contact an additional witness. The district court dismissed this claim, and Smothers does not pursue it on appeal.

10

to help a client decide whether to plead guilty, it is well within the bounds of competency for an attorney to contact a witness a single time prior to entry of a voluntary guilty plea."

The district court was correct to find trial counsel's conduct was reasonable based upon the circumstances. First, the public defender's office did reach out to the potential witness. That trial counsel did not follow up with the potential witness was not deficient because Smothers chose to plead guilty and there is no indication that the potential witness advised the public defender's office that she had any relevant information. The potential witness's affidavit only indicates that she would have provided the alleged text *if* someone had followed up with her; she did not allege that she shared any pertinent information when first contacted that would indicate any follow-up was warranted. Second, Smothers confirmed to the trial court at the time of his guilty plea that he did not want any further investigation conducted, and his attorney's investigation was adequate. Nevertheless, that evidence is inadmissible, and without it, Smothers is simply arguing that trial counsel should have contacted the potential witness again. Smothers' claim that counsel was ineffective in relation to potential witness fails to raise a genuine issue of material fact and is belied by the underlying criminal record.

### 3. Motion in limine

Finally, Smothers argues his trial counsel was ineffective for failing to file a motion in limine to exclude the explicit video obtained by the police from the victim's husband. Smothers contends the original video was never provided to police, and without the video in evidence the State would have had a difficult time proving guilt.

The district court found:

> Because the record in the underlying criminal case shows that [Smothers] did not want his attorney to do anything else prior to his guilty plea, the necessity of his attorney filing such motion is conclusively disproven. A reasonable attorney may choose to not file a motion in limine, even one likely to be granted, for a client who is desirous of pleading guilty and voluntarily waiving the right to file further motions.
>
> Since attorneys may reasonably choose to not file potentially successful motions in cases such as [Smothers'], the potential success of the motion never filed by [Smothers'] trial counsel is irrelevant. Therefore, the Court need not analyze whether such a motion would have been successful.

11

We agree that the claim is belied by the record.[5]

In summary, Smothers has failed to demonstrate a genuine issue of material fact as to any of his allegations of ineffective assistance of counsel. As such, the district court did not err when it granted the State's motion for summary dismissal.

## IV.

## CONCLUSION

Smothers has failed to show error in the summary disposition of his ineffective assistance of counsel claims. Accordingly, the district court's judgment summarily dismissing Smothers' petition for post-conviction relief is affirmed.

Chief Judge LORELLO and Judge BRAILSFORD **CONCUR**.

---

[5] Additionally, the State demonstrated that in response to such a motion to exclude, it would have been able to lay foundation for the video with the victim confirming her identity in the video and her husband testifying to his receipt of the video and how he provided the video to officers.